UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM,<br><br>    Plaintiff,<br><br>    v.<br><br>SANDAR AUNG,<br><br>    Defendant. | No. 2:22-cv-02323 DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with an action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant was deliberately indifferent to plaintiff's medical needs, in violation of the Eighth Amendment. Presently before the court is plaintiff's motion for clarification (ECF No. 4) and plaintiff's complaint (ECF No. 6). For the reasons set forth below, the court will strike plaintiff's complaint and grant plaintiff's motion for clarification.

**BACKGROUND**

On December 27, 2022, plaintiff filed a motion for injunction and temporary restraining order, which was not accompanied by a complaint. (ECF No. 1.) On April 3, 2023, the court issued an order denying the motion without prejudice and directing plaintiff to file a complaint thirty days from the date of service of the order. (ECF No. 4 at 2.) The court also directed plaintiff to submit an application to proceed in forma pauperis or pay the filing fee. (Id.)

////

1

On April 19, plaintiff filed a motion for clarification regarding the court's April 3 order. (ECF No. 5.) In it, plaintiff explains that he "e-mailed his complaint along with his application to proceed in forma pauperis form [on] March 28, 2023" and received a different case number, 2:23-cv-0573, than the one in the instant case, 2:22-cv-2323. (Id. at 2.) Plaintiff also asked whether he was required to file a new motion for preliminary injunction and temporary restraining order. (Id.) Plaintiff filed an identical motion for clarification in case number 2:23-cv-0573. (Wilhelm v. Aung, 2:23-cv-0573, ECF No. 8.)

On June 13, 2023, in 2:23-cv-0573 CKD, Magistrate Judge Delaney denied the motion to proceed in forma pauperis as moot and granted plaintiff's motion for clarification. (Id., ECF No. 9.) Judge Delaney further ordered plaintiff's complaint to be filed under this action, case number 2:22-cv-2323, and directed plaintiff to use this case number for all future filings. (Id.) Case number 2:23-cv-0573 was closed. (ECF No. 10.) Plaintiff's complaint, which was date stamped March 27, 2023, was then filed on the docket in this matter. (ECF No. 6.)

## UNSIGNED COMPLAINT

Plaintiff filed the complaint on March 27, 2023. However, plaintiff did not sign his complaint. (See ECF No. 6 at 8.) The court cannot consider unsigned filings and the complaint shall be stricken from the record for that reason. Fed. R. Civ. P. 11; E.D. Cal. R. 131. Plaintiff has thirty days to file a signed complaint. Below, the court has set forth the pleading standards and noted a potential defect in the complaint. Plaintiff is advised to heed these standards as he prepares a new, signed complaint.

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2) (B)(i)-(iii). A complaint will be dismissed if it lacks a cognizable legal theory or

////

fails to allege sufficient facts to state a claim under a cognizable legal theory.  See Balisteri v. Pacific Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

The Eighth Amendment prohibits "cruel and unusual punishments."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To act with deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm."  Id. at 842.  Allegations of medical malpractice do not meet the deliberate indifference standard.  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

While the court is unable to screen plaintiff's unsigned complaint, a cursory review of the filing shows that it contains allegations regarding plaintiff's medical treatment.  The unsigned complaint states that plaintiff was diagnosed with kidney disease in 2017.  (ECF No. 6 at 3.)  According to the unsigned complaint, Dr. Aung failed to refer plaintiff to a specialist or prescribe a special renal diet, despite telling plaintiff that plaintiff's blood test results indicated his kidney disease was worsening.  (Id. at 3–4.)  In 2020, plaintiff developed a distended abdomen, which Dr. Aung examined, but she took no further action.  (Id.)  In 2021, after Dr. Aung was temporarily reassigned, plaintiff met with Dr. Daram, who examined plaintiff's abdomen and immediately sent plaintiff to an on-site urologist.  (Id. at 4.)  The urologist drained excess urine from plaintiff's bladder that had backed up into plaintiff's kidneys and stomach, causing plaintiff's abdomen to distend.  (Id.)  Dr. Daram placed plaintiff on a special renal diet and allegedly told plaintiff that he would have suffered "complete kidney failure" had she not immediately sent him to the urologist.  (Id. at 4–5.)  Plaintiff states that, as a result of Dr. Aung's inaction, he is in permanent advanced kidney disease.  (Id. at 5.)

The information provided in the unsigned complaint suggests that Dr. Aung perhaps should have known that plaintiff faced a serious medical need, but not that she actually knew and recognized that plaintiff faced a serious medical need. (ECF No. 6 at 3-4.) In order to state a claim, plaintiff must allege facts showing Dr. Aung was aware that plaintiff's condition placed him at substantial risk of serious harm and disregarded that risk by failing to take appropriate action.

## MOTION FOR CLARIFICATION

The court grants plaintiff's motion for clarification, which is identical to the one granted by the court in case number 2:23-cv-0573. Plaintiff is instructed to use the case number in this matter, 2:22-cv-2323, for all future filings.

Plaintiff also asks whether he must file a new motion for preliminary injunction and/or temporary restraining order. (ECF No. 5 at 2.) Plaintiff must first file a complaint that complies with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 3; Fed. R. Civ. P. 8(a), (d); Fed. R. Civ. P. 11(a). Plaintiff must also either pay the filing fee of $402 or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). The court will not issue any orders granting or denying injunctive relief until an action has been properly commenced.

To the extent plaintiff wishes to file a renewed motion for preliminary injunction and/or temporary restraining order, he may do so when he files his complaint, but the court will not consider any renewed motion for preliminary injunction unless plaintiff files a complaint prior to, or at the same time as, the renewed motion. Failure to file a complaint before or at the same time as a renewed motion for preliminary injunction could result in the motion for preliminary injunction being denied. (See ECF No. 4.)

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for clarification (ECF No. 5) is granted;
2. Plaintiff's complaint (ECF No. 6) is stricken because it is unsigned;
3. Within thirty (30) days of the date of this order, plaintiff shall file a signed complaint that complies with the pleading and legal standards set out above;

4

4. The Clerk of the Court is directed to send plaintiff a copy of the civil rights complaint form; and

5. Plaintiff is warned that his failure to comply with this order could result in a recommendation that this action be dismissed.

Dated: June 16, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB: 15
DB/DB Prisoner Inbox/Civil Rights/S/wilh2323.r11.1983