STEVE WILHELM P61166
Name and Prisoner/Booking Number

MULE CREEK STATE PRISON
Place of Confinement

4001 HWY 104 / PO BOX 409090 E19-0202
Mailing Address

IONE, Ca. 95640
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

```
FILED
Jun 26, 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
```

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE WILHELM
(Full Name of Plaintiff)                    Plaintiff,

v.

(1) SANDAR RUNG, ET. AL.
(Full Name of Defendant)

(2)

(3)

(4)
                    Defendant(s).
☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-CV-02323-DB
(To be supplied by the Clerk)

### CIVIL RIGHTS COMPLAINT
### BY A PRISONER

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    ☐ Other: _____.

2.  Institution/city where violation occurred: MULE CREEK, IONE

Revised 3/15/2016                    1

## B. DEFENDANTS

1. Name of first Defendant: SANDAR AUNG ____. The first Defendant is employed as:
PHYSICIAN ____ at MULE CREEK STATE PRISON ____.
  (Position and Title)                              (Institution)

2. Name of second Defendant: ____. The second Defendant is employed as:
____ at ____
  (Position and Title)                              (Institution)

3. Name of third Defendant: ____. The third Defendant is employed as:
____ at ____
  (Position and Title)                              (Institution)

4. Name of fourth Defendant: ____. The fourth Defendant is employed as:
____ at ____
  (Position and Title)                              (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☒ Yes    ☐ No

2. If yes, how many lawsuits have you filed? ____. Describe the previous lawsuits:

  a. First prior lawsuit:
    1. Parties: WILHELM ____ v. ROTMAN ____
    2. Court and case number: DISTRICT COURT, EASTERN 1:10-CV-0000)-GBC ____.
    3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) ____
      DENIED ____.

  b. Second prior lawsuit:
    1. Parties: WILHELM ____ v. UNKNOWN ____
    2. Court and case number: DISTRICT COURT - EASTERN 1:12-CV-00386-AWI-GBC ____
    3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) ____
      DENIED ____.

  c. Third prior lawsuit:
    1. Parties: WILHELM ____ v. UNKNOWN ____
    2. Court and case number: DISTRICT COURT - EASTERN 14CECG03893 ____.
    3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) ____
      DENIED ____.

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: **EIGHTH AMENDMENT**

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   DR. AUNG HAS BEEN PLAINTIFF'S PHYSICIAN SINCE ABOUT JULY 2018. PLAINTIFF WAS FIRST DIAGNOSED WITH KIDNEY DISEASE (STAGE 2) NOVEMBER 16, 2017, BY DR. GU.... THIS INFORMATION WAS POSTED ON PLAINTIFF'S PERMANENT MEDICAL RECORD AND COMES UP ON THE COMPUTER EACH TIME AUNG BRINGS UP PLAINTIFF'S MEDICAL RECORD. AUNG HAS PLAINTIFF TAKE A BLOOD TEST ON A REGULAR BASIS TO CHECK HIS GLOMER-ULAR FILTRATION RATE (GFR), AND HIS CREATININE LEVEL TO CHECK HIS LEVEL OF KIDNEY DISEASE. AUNG MENTIONED TO PLAINTIFF AT SEVERAL OF HIS APPOINTMENTS WITH HER, THAT HIS CREATININE LEVEL WAS HIGH, AND HIS GFR WAS DROPPING. THOUGH AUNG WAS VERY AWARE OF PLAINTIFF'S KIDNEY ISSUE, SHE FAILED TO DO ANY FOLLOW-UP, ie, SEE A NEPHROLOGIST (KIDNEY SPECIALIST), OR PUT HIM ON A SPECIAL RENAL DIET.
   PLAINTIFF HAD AN APPOINTMENT WITH AUNG SEPTEMBER 16, 2020, ON AN UNRELATED MATTER, BUT WHILE THERE PLAINTIFF ASKED HER TO LOOK AT HIS EXTENDED AND HARD STOM-ACH.... SHE (AUNG) EXAMINED PLAINTIFF'S STOMACH, BUT DID NO FOLLOW-UP.
   PLAINTIFF HAS HAD AN ENLARGED PROSTATE FOR ABOUT TEN (10) YEARS, WHICH AUNG WAS WELL AWARE OF. AT THE POINT WHEN PLAINTIFF ASKED AUNG TO EXAMINE HIS STOMACH, SEPTEMBER 16, 2020, HIS PROSTATE     (SEE ATTACHED PAGES 3A, 3B)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   DR. AUNG'S FAILURE TO RESPOND REASONABLY TO PLAINTIFF'S CONDITION (STOMACH AND URIN-ATION ISSUE), RESULTED IN A SIGNIFICANT INJURY AND/OR UNNECESSARY AND WANTON IN-FLICTON OF PAIN, ie, CAUSING PLAINTIFF THE PAIN OF WEARING A CATHETER - (SEE ATTACHED PG. 3C)

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?    ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?    ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## CONTINUANCE OF PAGE 3-#3

WAS FOUR (4) TIMES LARGER THAN NORMAL, AND HIS PSA COUNT WAS 58.2, NORMAL COUNT IS AROUND 4.4.

BECAUSE OF THE SIZE OF PLAINTIFF'S PROSTATE, IT HAD PUSHED INTO HIS BLADDER, PARTIALLY CLOSING IT OFF.... THIS CAUSED URINE TO BACK-UP IN HIS KIDNEYS AND STOMACH, BLOATING HIS STOMACH. THIS CAUSED PLAINTIFF TO BE IN BOARD-ERLINE BETWEEN STAGE 3+4 OF KIDNEY DISEASE.

ALL OF THESE NEW PROBLEMS COULD HAVE BEEN AVOIDED IF AUNG HAD FOLLOWED THROUGH AFTER EXAMING PLAINTIFF'S STOMACH, WHICH WAS OBVIOUS THERE WAS A PROBLEM.

PLAINTIFF WAS TEMPORARILY ASSIGNED TO DR. DARAM BECAUSE DR. AUNG WAS TEMPORARILY RE-ASSIGNED TO ANOTHER YARD. PLAINTIFF HAD AN APPOINTMENT WITH DR. DARAM FEBRUARY 8, 2021.... AT THIS APPOINTMENT PLAINTIFF HAD DARAM EXAMINE HIS STOMACH, AFTER SHE EXAMINED HIS STOMACH, SHE IMMEDIATELY SENT PLAINTIFF DOWN THE HALL TO DR. RUDIS, A UROLOGIST.

THE UROLOGIST INSERTED A CATHETER INTO THE PLAINTIFF AND DRAINED MORE THAN A "GALLON" OF URINE FROM HIS KIDNEYS AND STOMACH. PLAINTIFF HAD TO WEAR THE CATHETER FOR MORE THAN THREE (3) MONTHS UNTIL HE HAD PROSTATE SURGERY TO REMOVE PART OF HIS PROSTATE, TO RELIEVE THE PRESSURE OFF HIS BLADDER. THE UROL-OGIST SAID, "IN HIS TWENTY (20) YEARS AS AN UROLOGIST, HE HAS NEVER SEEN THAT MUCH URINE DRAINED FROM A PERSON." FURTHER, DR. DARAM PUT PLAINTIFF ON A SPECIAL RENAL DIET. HAD PLAINTIFF NOT BEEN ASSIGNED

3A

To Dr. Daram At That Point In Time, And If She Had Not Recognized The Problem With Plaintiff's Stomach, And Took The Action She Did, Plaintiff Would Be In Complete Kidney Failure!

3B

Dr. Aung Was Aware That Plaintiff's Condition Placed Him At Substantial Risk Of Serious Harm And Disregarded That Risk By Failing To Take Appropriate Action.

Dr. Aung Has Been Wilhelm's Physician Since About July 2018, And Was/Is Very Aware Of His Serious Prostate And Kidney Issues. Aung Has Wilhelm Take A Blood Test Every 6 Months To Check His Glomerular Filteration Rate (GFR), This Shows The Condition Of His Kidneys.

Plaintiff's GFR Had Been Slowing Dropping, And Had Dropped Down To 30. This Level Was Close To Being Put On Dialysis. Even To A Layperson, This Would Indicate There Was A Serious Problem. Also, At This Point Aung, She Was Aware That Wilhelm's PSA Count Was "58" (4.2 Is Normal) And His Prostate Was "Extremely" Large.

At This Point In Time, Plaintiff Asked Dr. Aung To Exam His Stomach, Because It Was Distended And Hard, And That He Was Having Stomach Pain.

Even With All The Aforementioned Information, Which Aung Was Aware Of, And The Obvious Potential Of A Substantial Risk Of Serious Harm, Dr. Aung Disregarded That Risk By Failing To Take Appropriate Action.

3C

**CLAIM II**

1. State the constitutional or other federal civil right that was violated: _____
_____

2. **Claim II.** Identify the issue involved. Check **only one.** State additional issues in separate claims.
   ☐ Basic necessities        ☐ Mail              ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings ☐ Property          ☐ Exercise of religion     ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim II?        ☐ Yes  ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☐ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____

4

## CLAIM III

1.  State the constitutional or other federal civil right that was violated: _____

_____

2.  **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
    - ☐ Basic necessities          ☐ Mail               ☐ Access to the court        ☐ Medical care
    - ☐ Disciplinary proceedings   ☐ Property           ☐ Exercise of religion        ☐ Retaliation
    - ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                     ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Claim III?                ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Claim III to the highest level?       ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
    _____

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

5

## E. REQUEST FOR RELIEF

State the relief you are seeking:

COMPENSATORY DAMAGES: $ 1,000,000.00 For Being Put In Advanced Kidney Disease By Aung's Deliberate Indifference To Plaintiff's Medical Needs; The Pain And Suffering Which Have Occurred And Facing Future Dialysis And/Or Kidney Transplant; The Future Medical Expenses For Dialysis Or Kidney Transplant..., These Issues Have Already Effected My Current Daily Life, And Will Last A Lifetime,

PUNITIVE DAMAGES: $10,000.00 For Aung's Reckless Indifference To Plaintiff's Medical Rights/Needs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>June 26, 2023</u>
            DATE

<u>Steve Wilhelm</u>
SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

# Disscussion

Plaintiff Has A Serious Medical Disease (Advance Kidney Disease) Which Dr. Aung Has Shown Nothing But A Deliberate Indifference To Those Medical Needs. That Indifference Has Caused Plaintiff Needless Pain And Suffering, And Put Him In Stage 3 Kidney Disease.

Plaintiff Was First Diagnosed With Stage 2 Kidney Disease November 16, 2017. Plaintiff Had Been Maintaining His Kidney Disease At Stage 2, Until Dr. Aung's Indifference To Plaintiff's Stomach Problems, Which He Brought Up To Her At His Medical Appointment September 16, 2020.

Though Aung Was Very Aware of Plaintiff's Kidney Disease, She Failed To Send Him To A Nephrologist. Also, Aung Prescribed To Plaintiff Nitrofurantoin, An Antibody.... The Nephrologist Told Plaintiff Aung Should Have Never Prescribed That Antibody To Him With His Kidney Disease.

Moreover, Because of Aung's Indifference To Plaintiff's Stomach Issue, He Had To Endure Another Six Months With Urine Backing Up Into His Bladder And Stomach, Exacerbating His Kidney Problem, And Causing Him To Endure Wearing A Catheter For More Than Three Months.

7

1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STEVE WILHELM,                         No.  2:22-cv-02323 DB P

12                    Plaintiff,

13         v.                                ORDER

14    SANDAR AUNG,

15                    Defendant.

16

17         Plaintiff is a state prisoner proceeding pro se with an action pursuant to 42 U.S.C. § 1983.

18    Plaintiff claims that defendant was deliberately indifferent to plaintiff's medical needs, in

19    violation of the Eighth Amendment.  Presently before the court is plaintiff's motion for

20    clarification (ECF No. 4) and plaintiff's complaint (ECF No. 6).  For the reasons set forth below,

21    the court will strike plaintiff's complaint and grant plaintiff's motion for clarification.

22                              **BACKGROUND**

23         On December 27, 2022, plaintiff filed a motion for injunction and temporary restraining

24    order, which was not accompanied by a complaint.  (ECF No. 1.)  On April 3, 2023, the court

25    issued an order denying the motion without prejudice and directing plaintiff to file a complaint

26    thirty days from the date of service of the order.  (ECF No. 4 at 2.)  The court also directed

27    plaintiff to submit an application to proceed in forma pauperis or pay the filing fee.  (Id.)

28    ////

                                            1

1    On April 19, plaintiff filed a motion for clarification regarding the court's April 3 order.

2   (ECF No. 5.)  In it, plaintiff explains that he "e-mailed his complaint along with his application to

3   proceed in forma pauperis form [on] March 28, 2023" and received a different case number, 2:23-

4   cv-0573, than the one in the instant case, 2:22-cv-2323.  (Id. at 2.)  Plaintiff also asked whether he

5   was required to file a new motion for preliminary injunction and temporary restraining order.

6   (Id.)  Plaintiff filed an identical motion for clarification in case number 2:23-cv-0573.  (Wilhelm

7   v. Aung, 2:23-cv-0573, ECF No. 8.)

8    On June 13, 2023, in 2:23-cv-0573 CKD, Magistrate Judge Delaney denied the motion to

9   proceed in forma pauperis as moot and granted plaintiff's motion for clarification.  (Id., ECF No.

10   9.)  Judge Delaney further ordered plaintiff's complaint to be filed under this action, case number

11   2:22-cv-2323, and directed plaintiff to use this case number for all future filings.  (Id.)  Case

12   number 2:23-cv-0573 was closed.  (ECF No. 10.)  Plaintiff's complaint, which was date stamped

13   March 27, 2023, was then filed on the docket in this matter.  (ECF No. 6.)

14    **UNSIGNED COMPLAINT**

15    Plaintiff filed the complaint on March 27, 2023.  However, plaintiff did not sign his

16   complaint.  (See ECF No. 6 at 8.)  The court cannot consider unsigned filings and the complaint

17   shall be stricken from the record for that reason.  Fed. R. Civ. P. 11; E.D. Cal. R. 131.  Plaintiff

18   has thirty days to file a signed complaint.  Below, the court has set forth the pleading standards

19   and noted a potential defect in the complaint.  Plaintiff is advised to heed these standards as he

20   prepares a new, signed complaint.

21    **SCREENING REQUIREMENT**

22    The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary

26   relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

27   § 1915(e)(2) (B)(i)-(iii).  A complaint will be dismissed if it lacks a cognizable legal theory or

28   ////

2

1    fails to allege sufficient facts to state a claim under a cognizable legal theory.  <u>See</u> <u>Balisteri v.</u>

2    <u>Pacific Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

3        The Eighth Amendment prohibits "cruel and unusual punishments."  <u>Farmer v. Brennan</u>,

4    511 U.S. 825, 832 (1994).  Where a prisoner's Eighth Amendment claims arise in the context of

5    medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to

6    evidence deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106

7    (1976).  To act with deliberate indifference, a prison official "must both be aware of facts from

8    which the inference could be drawn that a substantial risk of serious harm exists, and he must also

9    draw the inference."  <u>Farmer</u>, 511 U.S. at 837.  Thus, a defendant is liable if he knows that

10    plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take

11    reasonable measures to abate it."  <u>Id.</u> at 847.  "It is enough that the official acted or failed to act

12    despite his knowledge of a substantial risk of harm."  <u>Id.</u> at 842.  Allegations of medical

13    malpractice do not meet the deliberate indifference standard.  <u>McGuckin v. Smith</u>, 974 F.2d 1050,

14    1059 (9th Cir. 1992).

15        While the court is unable to screen plaintiff's unsigned complaint, a cursory review of the

16    filing shows that it contains allegations regarding plaintiff's medical treatment.  The unsigned

17    complaint states that plaintiff was diagnosed with kidney disease in 2017.  (ECF No. 6 at 3.)

18    According to the unsigned complaint, Dr. Aung failed to refer plaintiff to a specialist or prescribe

19    a special renal diet, despite telling plaintiff that plaintiff's blood test results indicated his kidney

20    disease was worsening.  (<u>Id.</u> at 3–4.)  In 2020, plaintiff developed a distended abdomen, which

21    Dr. Aung examined, but she took no further action.  (<u>Id.</u>)  In 2021, after Dr. Aung was

22    temporarily reassigned, plaintiff met with Dr. Daram, who examined plaintiff's abdomen and

23    immediately sent plaintiff to an on-site urologist.  (<u>Id.</u> at 4.)  The urologist drained excess urine

24    from plaintiff's bladder that had backed up into plaintiff's kidneys and stomach, causing

25    plaintiff's abdomen to distend.  (<u>Id.</u>)  Dr. Daram placed plaintiff on a special renal diet and

26    allegedly told plaintiff that he would have suffered "complete kidney failure" had she not

27    immediately sent him to the urologist.  (<u>Id.</u> at 4–5.)  Plaintiff states that, as a result of Dr. Aung's

28    inaction, he is in permanent advanced kidney disease.  (<u>Id.</u> at 5.)

1    The information provided in the unsigned complaint suggests that Dr. Aung perhaps

2    should have known that plaintiff faced a serious medical need, but not that she actually knew and

3    recognized that plaintiff faced a serious medical need. (ECF No. 6 at 3-4.) In order to state a

4    claim, plaintiff must allege facts showing Dr. Aung was aware that plaintiff's condition placed

5    him at substantial risk of serious harm and disregarded that risk by failing to take appropriate

6    action.

7                              **MOTION FOR CLARIFICATION**

8    The court grants plaintiff's motion for clarification, which is identical to the one granted

9    by the court in case number 2:23-cv-0573. Plaintiff is instructed to use the case number in this

10    matter, 2:22-cv-2323, for all future filings.

11    Plaintiff also asks whether he must file a new motion for preliminary injunction and/or

12    temporary restraining order. (ECF No. 5 at 2.) Plaintiff must first file a complaint that complies

13    with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 3; Fed. R. Civ. P. 8(a), (d); Fed. R.

14    Civ. P. 11(a). Plaintiff must also either pay the filing fee of $402 or file an application requesting

15    leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). The court will not issue

16    any orders granting or denying injunctive relief until an action has been properly commenced.

17    To the extent plaintiff wishes to file a renewed motion for preliminary injunction and/or

18    temporary restraining order, he may do so when he files his complaint, but the court will not

19    consider any renewed motion for preliminary injunction unless plaintiff files a complaint prior to,

20    or at the same time as, the renewed motion. Failure to file a complaint before or at the same time

21    as a renewed motion for preliminary injunction could result in the motion for preliminary

22    injunction being denied. (See ECF No. 4.)

23                                    **CONCLUSION**

24    For the foregoing reasons, IT IS HEREBY ORDERED that:

25    1.  Plaintiff's motion for clarification (ECF No. 5) is granted;

26    2.  Plaintiff's complaint (ECF No. 6) is stricken because it is unsigned;

27    3.  Within thirty (30) days of the date of this order, plaintiff shall file a signed complaint

28        that complies with the pleading and legal standards set out above;

4

4.  The Clerk of the Court is directed to send plaintiff a copy of the civil rights complaint form; and

5.  Plaintiff is warned that his failure to comply with this order could result in a recommendation that this action be dismissed.

Dated:  June 16, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB: 15
DB/DB Prisoner Inbox/Civil Rights/S/wilh2323.r11.1983