1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11    STEVE WILHELM,                          No.  2:22-cv-02323 DB P
12              Plaintiff,
13         v.                                 ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14    SANDAR AUNG,
15              Defendant.
16
17         Plaintiff, a state prisoner at Mule Creek State Prison ("MCSP"), proceeds pro se and seeks
18    relief under 42 U.S.C. § 1983. Plaintiff's motion seeking a temporary restraining order and a
19    preliminary injunction, filed on June 26, 2023, is before the court. (ECF No. 11)
20         **I.      Background**
21         The events at issue took place at MCSP. In the operative first amended complaint,
22    plaintiff alleges he has serious prostate and kidney issues of which the defendant, Dr. Aung, was
23    aware. (ECF No. 8 at 6.) On September 16, 2020, Dr. Aung examined plaintiff's stomach which
24    was "extended and hard." (Id. at 3.) Plaintiff alleges it was obvious even to a layperson that there
25    was a serious problem, but Dr. Aung took no action, which caused plaintiff to suffer further
26    problems with his kidney disease which could have been avoided. (Id. at 3-4.) For screening
27    purposes, by separate order, the court determined the amended complaint states a cognizable
28    claim against Dr. Aung and directed service of the complaint against Dr. Aung.

                                              1

In the motion for preliminary injunctive relief presently before the court, plaintiff seeks an order requiring that he be removed from Dr. Aung's care. (ECF No. 11 at 3.) Plaintiff argues he is at risk of irreparable injury if not removed from Dr. Aung's care. (Id. at 3-4.)

## II.     Analysis

Because this motion has not been served on defendants, plaintiff effectively seeks a temporary restraining order. See Fed. R. Civ. P. 65(b)(1)(A). "Except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice." E.D. Cal. Local Rule 231(a).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).[1] In addition, in this district, a motion for a preliminary injunction "shall" be accompanied by "(i) briefs on all relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with a provision for a bond." E.D. Cal. Local Rule 231(d)(2).

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief. In cases brought by prisoners involving conditions of confinement, any preliminary injunction issued "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Where, as here, a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo,

---

[1] Under a different formulation of the test used in the Ninth Circuit, a "likelihood" of success is not an absolute requirement. Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). "Rather, serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction…." Drakes Bay Oyster Co. v. Jewell, 747 F.3d 1073, 1085 (9th Cir. 2014). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc., v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985).

1   "courts should be extremely cautious" about issuing a preliminary injunction and should not grant

2   such relief unless the facts and law clearly favor the plaintiff. Martin v. International Olympic

3   Committee, 740 F.2d 670, 675 (9th Cir. 1984).

4         In the motion for preliminary injunctive relief presently before the court, plaintiff argues

5   that because Dr. Aung allegedly provided deliberately indifferent medical care on one instance in

6   the past, she could do so again, and plaintiff could lose his kidneys. (ECF No. 8 at 2-4.) These

7   allegations fail to show plaintiff is under a presently existing actual threat. See FDIC v. Garner,

8   125 F.3d 1272, 1279 (9th Cir. 1997) (the threat of injury "must be imminent, not remote or

9   speculative"), cert. denied, 523 U.S. 1020 (1998). Plaintiff's concern of future harm is

10  speculative, and a speculative injury does not constitute irreparable harm sufficient for a

11  preliminary injunction to issue. See id.; Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668,

12  674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to

13  warrant granting a preliminary injunction.").

14        Because plaintiff fails to show he is under a presently existing threat, he fails to show a

15  likelihood of success on the merits and possibility of irreparable injury, or that the balance of

16  hardships tips sharply in his favor. Under these circumstances, the undersigned will recommend

17  the motion for preliminary injunctive relief be denied.

18        In accordance with the above, IT IS ORDERED that the Clerk of the Court shall assign a

19  district judge to this case.

20        In addition, IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary

21  injunctive relief (ECF No. 11) be denied.

22        These findings and recommendations are submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

24  days after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties. Such a document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

27  ////

28  ////

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 8, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
will2103.mpi