UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM, | No. 2:22-cv-02323 DJC DB P |
| Plaintiff, | |
| v. | ORDER |
| SANDAR AUNG, | |
| Defendant. | |

Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants used excessive force against him in violation of his Eighth Amendment rights. Presently before the court is plaintiff's motion to appoint counsel. (ECF No. 20.)

In support of the motion plaintiff argues that: (1) he is indigent and cannot afford counsel; and (2) he is incarcerated. (ECF No. 20 at 1.) Further plaintiff asserts that "when a court issues an order to show cause, counsel must be appointed for an indigent plaintiff who request counsel. 28 U.S.C. § 1915(e)(1)." (ECF No. 20 at 1.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the

////

1   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d
2   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
3           The test for exceptional circumstances requires the court to evaluate the plaintiff's
4   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
5   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
6   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
7   common to most prisoners, such as lack of legal education and limited law library access, do not
8   establish exceptional circumstances that would warrant a request for voluntary assistance of
9   counsel.
10          In the present case, the court does not find the required exceptional circumstances.
11  Plaintiff's arguments show nothing more than circumstances common to most inmates.  Further
12  as articulated above 28 U.S.C. § 1915(e)(1) states that the district court may request an attorney,
13  not must as plaintiff asserts.  Additionally, plaintiff's filings in this action indicate that he is
14  capable of articulating his claims in this action pro se.  Thus, the undersigned will deny the
15  motion without prejudice to its renewal at a later stage of the proceedings.
16          Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of
17  counsel (ECF No. 20) is denied.
18  Dated:  February 22, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/wilh.2323.31