UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN WILHELM,

           Plaintiff,

   v.

S. AUNG,

           Defendant.

No.  2:22-cv-02323 DJC SCR

<u>ORDER</u>

Plaintiff, a state prisoner, proceeds pro se with claims under 42 U.S.C. § 1983 for medical deliberate indifference in violation of his Eighth Amendment rights. (ECF No. 8.) Presently before the Court is Plaintiff's motion to appoint counsel and two motions to compel discovery under Federal Rule of Civil Procedure 37. (ECF Nos. 34, 35, 36.) For the reasons set forth below, Plaintiff's motions are denied.

**I.      Motion to Appoint Counsel**

Before the Court is Plaintiff's renewed motion to appoint counsel. (ECF No. 34.) As in his previous motion to appoint counsel, Plaintiff argues that he is incarcerated, indigent, and cannot afford counsel. (ECF Nos. 20 at 1, 34 at 1.) Plaintiff's only new argument is that he will be deposed on June 25, 2024, and does not have any experience dealing with a deposition. (ECF No. 34, at 1-2.) For the reasons previously stated, the Court does not find that Plaintiff's renewed or new arguments satisfy the exceptional circumstances standard. (See ECF No. 24.) Additionally,

1   Plaintiff's deposition has since been taken, rendering that aspect of his argument moot. (ECF No.

2   39-1 at 2.)

3       **II.       Motions to Compel**

4       On April 21, 2024, Plaintiff served Defendant with interrogatories and a request for

5   production of documents ("RFP"). (See ECF. No. 35 at 5-7, ECF No. 36, Exh. A.) Before the

6   Court are Plaintiff's motions to compel further responses to Plaintiff's Interrogatories Nos. 1 and

7   2 (ECF No. 35), and the production of documents. (ECF No. 36.)

8           **A.  Interrogatory No. 1 to Defendant Sung**

9       Interrogatory No. 1 asks, "Do you have any prior grievances from any other inmate?"

10  Defendant's response objected on several grounds. (ECF. No. 34.) Nonetheless, Defendant

11  responded that to the extent Plaintiff was seeking information regarding "grievances by non-party

12  inmates", which have been classified as "prisoner staff complaints", there had been no such

13  grievances, and that Defendant is not withholding any information based on their asserted

14  objections. (Id.)

15      Plaintiff argues that Defendant improperly objected and failed to respond adequately to

16  the interrogatory. (ECF No. 34.) In opposition, Defendant argues that they provided a sufficiently

17  narrowed answer and that Plaintiff's request is not proportional to the needs of the case and

18  therefore impermissibly broad and burdensome. (ECF No. 39 at 3.) The Court agrees that

19  Defendant's response is adequate with respect to this interrogatory.

20      Rule 33 of the Federal Rules of Civil Procedure, governing responses to interrogatories,

21  does not require a party to identify "whether any responsive materials are being withheld on the

22  basis of that objection". *Compare* Fed. R. Civ. P. 33 (regarding interrogatories) & 34 (regarding

23  requests for production). However, where a party affirmatively represents that they have not

24  withheld any information based on their objections to an interrogatory, absent credible evidence

25  that the representation is inaccurate, courts have denied motions to compel further responses. *See*

26  *Clay v. EquityExperts.org, LLC*, No. 1:21-CV-02540 LMM JEM, 2023 WL 4401539, at *2 (N.D.

27  Ga. Mar. 23, 2023); *Equal Emp. Opportunity Comm'n v. Texar Line Clearance, Inc.*, No. 4:21-

28  CV-04061, 2022 WL 4360878, at *1 (W.D. Ark. Sept. 20, 2022); *Rudolph v. City of*

2

*Montgomery*, No. 2:16-CV-57-RCL, 2020 WL 2366963, at *1–2 (M.D. Ala. May 11, 2020); *see also Alexander v. F.B.I.*, 192 F.R.D. 50, 52 n.1 (D.D.C. 2000) (recognizing that the dispute over an interrogatory was largely moot where responding party's supplemental response stated that they did not withhold any information on the basis of their relevancy objection). Defendant affirmatively asserted that they are not withholding information based on their objections to this interrogatory. (ECF No. 35 at 6.) Accordingly, absent credible evidence to the contrary, no further explanation is required. The motion to compel a further response to Plaintiff Interrogatory No. 1 is therefore denied.

### B.  Interrogatory No. 2 to Defendant Sung

Interrogatory No. 2 to Defendant Sung asks, "If you did not have an appointment with Wilhelm on September 16, 2020, as you claim, then what is the name of the doctor who did?" (ECF No. 35.) Defendant's response objected based on lack of personal knowledge of the requested information. (ECF No. 39 at 4.) Nonetheless, Defendant produced a copy of Plaintiff's medical record progress note for September 16, 2020. (ECF No. 39-1, Exh. B.)

Plaintiff argues that Defendant improperly objected and failed to respond adequately to the interrogatory. (ECF No. 35 at 3.) In opposition, Defendant argues that the produced medical record is a satisfactory response to Plaintiff's interrogatory under Federal Rule of Civil Procedure 33(d). (ECF No. 39 at 4-5.) While the Court appreciates Defendant's production of this document, the Court disagrees that said production was an adequate response.

Federal Rule of Civil Procedure 33(d) allows a responding party to answer an interrogatory by identification of a sufficiently detailed business record, if reasonable opportunity is provided to the interrogating party to review the record "*and the burden of deriving the answer from the record is substantially the same for either party*[.]" Fed. R. Civ. P. 33(d) (emphasis added). Although Plaintiff's medical record progress note for September 16, 2020, identifies a "Daram,Vasuki" as having entered the Outpatient Progress Note, it is not clear to the Court, and therefore not necessarily clear to the interrogating party, that "Daram, Vasuki" is the answer to Interrogatory No. 2. It was not until Defendant filed their response to Plaintiff's motion to compel that it became apparent that "Daram, Vasuki" was the name of a doctor—not some other medical

3

1   personnel—and, more specifically, the Plaintiff's "attending physician" on September 16, 2020.

2   (*See* ECF 39 at 5.)

3          Despite the inadequacy of Defendant's initial response to Plaintiff's Interrogatory No. 2,

4   Defendant's response to the motion to compel resolves the issue. Accordingly, with respect to this

5   interrogatory, the Court denies as moot the motion to compel.

6                       **C. RFP to Defendant Sung**

7          On June 26, 2024, after receiving no response or production from Defendant, Plaintiff

8   filed a motion to compel production. (ECF No. 36.) On June 28, 2024, Defendant simultaneously

9   served Plaintiff by mail with their Responses to Plaintiff's RFP and filed a motion *nunc pro tunc*

10  to extend their deadline to provide objections and responses to Plaintiff's RFP. (ECF Nos. 37, 39-

11  1.) On July 1, 2024, this Court granted Defendant's motion, extending their deadline from June

12  10, 2024, to July 1, 2024. (ECF No. 38.)

13         Since Defendant's timely response to Plaintiff's RFP, Plaintiff has not argued that

14  Defendant's response was inadequate. Accordingly, the Court deems this motion resolved and

15  denies the motion as moot.

16     **III.    Conclusion**

17         In accordance with the above, IT IS ORDERED that Plaintiff's motion to appoint counsel

18  (ECF No. 34) is DENIED, Plaintiff's motion to compel (ECF No. 35) is DENIED, and Plaintiff's

19  other motion to compel (ECF No. 36) is also DENIED.

20  DATED: August 19, 2024

21

22

23                                  SEAN C. RIORDAN
                                    UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28

4