UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHEIM,<br><br>    Plaintiff,<br><br>    v.<br><br>SANDAR AUNG,<br><br>    Defendant. | No. 2:22-cv-02323 DJC SCR P<br><br><br>ORDER |

    Plaintiff is incarcerated in state prison and proceeded pro se and in forma pauperis in this closed civil rights action under 42 U.S.C. § 1983. Plaintiff filed the operative first amended complaint on June 26, 2023, alleging an Eighth Amendment medical indifference claim against defendant Dr. Aung. ECF No. 8. On September 22, 2025, District Judge Calabretta adopted the undersigned's recommendations that defendant's motion for summary judgment (ECF No. 46) be granted and plaintiff's motion for summary judgement (ECF No. 41) be denied. ECF No. 61. Judgement was entered the same day, and the case was closed. ECF No. 62.

    Currently pending before the undersigned is defendant Aung's bill of costs in the amount of $1,393.00. ECF No. 63. Judge Calabretta referred the matter to the undersigned pursuant to Fed. R. Civ. P. 54 and Local Rule 292. ECF No. 64. Plaintiff has filed objections. ECF No. 69.

    **I.    Standards Governing a Bill of Costs**

    Rule 54(d)(1) of the Federal Rules of Civil Procedure creates a rebuttable presumption that costs, other than attorney's fees, should be awarded to the prevailing party. However, a

1

district court has the discretion to refuse an award of costs.  See <u>Ass'n of Mexican-Am. Educators v. California</u>, 231 F.3d 572, 591 (9th Cir. 2000).  If the court declines to award costs to the prevailing party, it "must specify reasons for its refusal to award costs."  <u>Mexican-Am. Educators</u>, 231 F.3d at 591 (citation omitted).  Reasons to refuse to award costs include "the losing party's limited financial resources; misconduct on the part of the prevailing party; the importance of the issues; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs."  <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 945 (9th Cir. 2003) (internal citations omitted); <u>see also</u> <u>National Org. for Women v. Bank of Cal.</u>, 680 F.2d 1291, 1291 (9th Cir. 1982) (upholding the refusal to award costs based on the losing party's limited financial resources); <u>Stanley v. Univ. of Southern California</u>, 178 F.3d 1069, 1080 (9th Cir. 1999) (recognizing the chilling effect that awarding costs against a prisoner in a civil rights lawsuit has).

## II. Analysis

Based on plaintiff's limited financial resources as a prisoner who proceeded in forma pauperis, the possibility that imposing costs against him would have a chilling effect on prisoner civil rights lawsuits, and the fact that plaintiff's first amended complaint was not frivolous—particularly considering the parties' agreement on the objective seriousness of plaintiff's kidney ailments in their respective summary-judgment motions—the court will deny defendant Aung's request to recover costs.  In these circumstances, awarding costs against plaintiff would be inequitable.  See <u>Villareal v. Cnty. of Fresno</u>, No. 1:15-cv-1410 ADA EPG PC, 2022 WL 17630790, at *2 (E.D. Cal. Dec. 13, 2022) (denying defendant's bill of costs for $1,198.40 against indigent, incarcerated plaintiff who proceeded on Eighth Amendment claims, holding that the "potential chilling effect of being taxed with costs upon defeat cannot be ignored.").

Accordingly, IT IS HEREBY ORDERED that defendant Aung's bill of costs (ECF No. 63) is denied.

DATED: December 22, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE